**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4975**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

STEPHEN CARLOS CHRISTIAN,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:13-cr-00166-WO-1)

─────────────

Submitted:  June 26, 2014              Decided:  July 10, 2014

─────────────

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Kyle D. Pousson, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Carlos Christian pled guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012), and possession of a firearm by a person convicted of a crime punishable by more than one year in prison, in violation of 18 U.S.C. § 922(g)(1) (2012). In his plea agreement, Christian reserved the right to appeal the district court's denial of his motion to suppress evidence found during a warrantless search of his vehicle. The propriety of the suppression ruling is the sole issue Christian raises on appeal. For the reasons that follow, we affirm.

Christian argues that, pursuant to Arizona v. Gant, 556 U.S. 332, 343 (2009), the search of his trunk was unconstitutional because he was already under arrest prior to the vehicle search and was unable to access his vehicle. The Government asserts that the search was justified by probable cause independent of the Gant analysis. In reviewing a district court's denial of a suppression motion, "[w]e review the district court's legal determinations de novo and its factual determinations for clear error." United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). "Because the district court denied [Christian's motion], we construe the evidence in the light most favorable to the government." Id.

2

The Fourth Amendment guarantees "the right of the people to be secure . . . against unreasonable searches and seizures" and requires "that searches be conducted pursuant to a warrant issued by an independent judicial officer." California v. Carney, 471 U.S. 386, 390 (1985). An established exception to the warrant requirement is "for automobile searches." Kelly, 592 F.3d at 589. Under this exception, police may search a vehicle without a warrant if it "is readily mobile and probable cause exists to believe it contains contraband." Pennsylvania v. Labron, 518 U.S. 938, 940 (1996). If both conditions are met, police may conduct a warrantless search "that is as thorough as a magistrate could authorize in a warrant." United States v. Ross, 456 U.S. 798, 800 (1982). Furthermore, such a search may cover all areas of the vehicle. United States v. Bullock, 94 F.3d 896, 899 (4th Cir. 1996).

The gravamen of Christian's objection to the search of his vehicle is that it was not authorized in light of Gant. We need not reach this issue because we conclude that officers had probable cause to search the trunk. See 556 U.S. at 347; see United States v. Dickey-Bey, 393 F.3d 449, 456 (4th Cir. 2004) ("We need not . . . decide whether the search of [defendant's] automobile was properly incident to his arrest because we conclude that the circumstances in this case provided officers independent probable cause to search the automobile.").

3

Probable cause exists "where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." Ornelas v. United States, 517 U.S. 690, 696 (1996). Probable cause "is a 'commonsense' conception that deals with 'the factual and practical considerations of everyday life.'" Kelly, 592 F.3d at 592 (quoting Ornelas, 517 U.S. at 695). In assessing whether probable cause exists, courts "must examine the facts from the standpoint of an objectively reasonable police officer, giving due weight to inferences drawn from those facts by local law enforcement officers." Id. (internal quotation marks and ellipsis omitted).

Here, as the district court found, probable cause clearly supported the search of Christian's vehicle. During the pursuit, an officer saw an object being thrown from Christian's vehicle and learned that the object recovered was a firearm. In addition, the officer found marijuana on Christian's person, and Christian admitted that there was more marijuana in the vehicle. Finally, the officer testified at the suppression hearing that there was a very strong odor of raw marijuana emanating from the vehicle. Based on the totality of the circumstances, there was sufficient probable cause to support a warrantless search of Christian's vehicle. Thus, the district court did not err in denying the motion to suppress.

4

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED